**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLEN QUIGLEY, as Administrator of
the Estate of SCOTT ALLEN
QUIGLEY, JR., deceased,

       Plaintiff,                                   Case Number: 09-14221

v.                                                       Honorable Gerald E. Rosen
                                                               Magistrate Judge Paul Komives

CORRECTIONAL MEDICAL
SERVICES, INC., *et al*,

       Defendant(s),
_____/

**ORDER GRANTING MOTION TO STAY DISCOVERY,
ENTER PROTECTIVE ORDER, AND QUASH SUBPOENA**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       April 29, 2010

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

     This is a prisoner civil rights matter filed by Plaintiff Allen Quigley, as administrator of the estate of Scott Quigley, Jr., pursuant to 42 U.S.C. § 1983. Scott Quigley, a prisoner in the custody of the Michigan Department of Corrections, was found dead in his cell on March 10, 2008, allegedly as a result of taking two anti-depressant drugs, which were fatal in combination. Plaintiff claims that Scott Quigley was denied proper medical attention by Defendant Correctional Medical Services, Inc., ("CMS"), and by individual Defendants Tuong V. Thai, a doctor, and Steven Garver, a physician's assistant, both employees of the Michigan Department of Corrections and/or CMS.

Plaintiff seeks monetary damages.

On April 1, 2010, Thai moved for summary judgment on two bases: first, he argues Plaintiff's allegations amount to nothing more than a standard medical malpractice claim—not a constitutional violation as required to state a § 1983 claim; and second, Thai argues that he is entitled to qualified immunity. On April 9, 2010, Plaintiff filed a motion to compel the deposition of Defendant Thai.[1] On April 14, 2010, Thai countered with a motion to stay discovery, enter a protective order and quash the subpoena directing Thai to appear for deposition. Thai's motion to stay discovery was premised on the argument that when a defendant in a § 1983 claim raises the defense of qualified immunity, the defendant should not normally be required to respond to discovery requests. Finally, on April 21, 2010, Plaintiff filed a motion for a continuance to conduct additional discovery before responding to Thai's motion for summary judgment.[2] Plaintiff argued that it could not fully respond to the summary judgment motion without Thai's deposition testimony.

The Supreme Court recently reaffirmed the tenet that "[b]ecause qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" Pearson v. Callahan, __ US __, 129 S. Ct. 808, 815 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.

---

[1] This motion was originally referred to the magistrate judge. The reference was withdrawn and vacated.

[2] Plaintiff ultimately filed a response to the motion for summary judgment on April 22, 2010, before the Court addressed these pending requests.

Ct. 2806 (1985). For this reason, a claim of qualified immunity must be resolved at "the earliest possible stage in litigation." Id. (quoting Hunter v. Bryant, 502 U.S. 224, 227, 112 S. Ct. 534 (1991) (*per curiam*)). The Sixth Circuit has further explained:

> The purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery. See Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967); Harlow v. Fitzgerald, 457 U.S. 800, 816, 102 S. Ct. 2727 (1982); Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985). In fact, the Court in Anderson v. Creighton emphasized that "[o]ne of the purposes of the Harlow qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.' " Anderson v. Creighton, 483 U.S. 635, 646, 107 S. Ct. 3034 (1987) (quoting Harlow, 457 U.S. at 817). . . .
>
> This Court has held on multiple prior occasions that, when faced with a motion based on qualified immunity, a district court can not avoid ruling on the issue. See, e.g., Skousen v. Brighton High School, 305 F.3d 520 (6th Cir. 2002). In the case of Skousen v. Brighton High School, we concluded that a district court committed legal error in dismissing a motion for summary judgement based on qualified immunity solely because discovery was not complete. See Skousen, 305 F.3d 520 (6th Cir. 2002). We held that, because the defense of qualified immunity is a threshold question, if the defense is properly raised prior to discovery, the district court has a duty to address it. Id.
>
>> Rather than dismiss the [summary judgment] motion because discovery was not complete, the district court was required to determine-prior to permitting further discovery-whether [Plaintiff's] complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation.
>
> Id. at 527. Only after the court inquires into whether any facts material to Plaintiff's claims are genuinely at issue, and only upon a finding that material facts are in fact in dispute is a court at liberty to hold a motion for summary judgment in abeyance pending additional discovery. Id.

Summers v. Leis, 368 F.3d 881, 886-87 (6th Cir. 2004).

3

Here, Plaintiff argues that the proposed deposition of Thai is relevant to resolving the qualified immunity issue. Plaintiff states:

> If this Court were to waive the weigh of the cost of taking Defendant Thai's deposition against the cost of erroneously deciding a summary judgment motion, the cost of appeal, and the cost of proceeding with discovery thereafter, the balance would certainly be in favor of the Plaintiff being allowed to take the deposition of Defendant Thai.

(Pl.'s Resp. to Mot. for Stay, Br. in Opp. at 4.) Under Rule 26 of the Federal Rules of Civil Procedure, the court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Supreme Court and Sixth Circuit precedent clearly provide that the burden of ongoing discovery against a defendant who has asserted a qualified immunity is great and must be avoided where qualified immunity can be resolved as a threshold issue. Therefore, the Court unquestionably must first assess the validity of Defendant Thai's qualified immunity claim before permitting further discovery to continue.

Accordingly,

IT IS HEREBY ORDERED that the Defendant Tuong Vinh Thai's motion to stay discovery, enter a protective order, and quash Plaintiff's subpoena [Dkt. # 23] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's subpoena of Defendant Tuong Vinh Thai is QUASHED.

IT IS FURTHER ORDERED that Plaintiff Allen Quigley's motion to compel the deposition of Dr. Thai [Dkt. #20] is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff Allen Quigley's motion for a continuance with regard to Defendant Tuong Vinh Thai's motion for summary judgment to permit to conduct additional discovery to present facts essential to Plaintiff's opposition to Defendant's motion for summary judgment [Dkt. #27] is DENIED as moot.

s/ Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2010, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137