UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN QUIGLEY, as Administrator of
the Estate of SCOTT QUIGLEY, JR.,

        Plaintiff,        No. 09-14221

vs.        Hon. Gerald E. Rosen

TUONG V. THAI, M.D.,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION

   At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 16, 2013

   PRESENT:   Honorable Gerald E. Rosen
                        United States District Chief Judge

On April 30, 2013, the Court entered an Order Denying Defendant's Motion for Judgment on the Pleadings finding the motion was untimely filed. The motion was filed the day before the final pretrial conference and nearly two and a half years after the dispositive motion cut-off. Defendant now has filed a Motion seeking reconsideration of the Court's Order.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

1

L.R. 7.1(h)(1), (3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). Defendant's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 76]** is DENIED.

                                 s/Gerald E. Rosen
                                 Chief Judge, United States District Court

Dated: May 16, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2013, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5135